IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT B. TIPTON,<br>　　　　　Defendant. | CASE NO: **4:16CR3042**<br><br>**DETENTION ORDER** |

　　　The defendant poses a serious risk of flight if released. On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending trial.

　　　There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a felony involving failing to register under 18 U.S.C. § 2250. The defendant has not rebutted this presumption.

　　　Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public

　　　Specifically, the court finds that the defendant has a criminal record which indicates a propensity to violate the law and court orders; has a propensity to harm or threaten harm to others; lacks a stable residence; has limited employment contacts; is the subject of outstanding warrants in Washington and Oregon for failure to register; was likely not truthful when he applied for housing through the Housing Authority; was able to hide his criminal history from his own wife for over two years; is not forthright and cannot be trusted; has mental health issues which will pose a risk of harm if the defendant is released; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

### Directions Regarding Detention

　　　The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

　　　Dated April 1, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　　BY THE COURT:
　　　　　　　　　　　　　　　　　　　　　　　　　　　*s/ Cheryl R. Zwart*
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge