IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT B. TIPTON,<br><br>Defendant. | 4:16-CR-3042<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. The defendant has moved for a variance (filing 47) and objects to the presentence investigation report (filing 46).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c) impose upon the United States the burden of proof on all Guidelines enhancements;

   (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has moved for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 47. The Court will resolve this motion at sentencing.

3. The defendant objects to the presentence report, arguing that the four-level enhancement to the offense conduct required by U.S.S.G. § 2J1.2(b)(1)(A) should not be applied in his case because, he says, the matter did not "relate[] to sex offenses under 18 U.S.C. § 1591 or chapters 109A, 109B, 110, or 117 of title 18, United States Code." He argues that, instead, his falsehood was premised on a desire to live with his girlfriend. Filing 46.

    To the extent that the defendant is suggesting that his subjective motive is relevant to the Guidelines, he is incorrect. Rather, what matters for the purposes of the Guidelines is whether his "materially false, fictitious, or fraudulent statement or representation" under 18 U.S.C. § 1001(a)(2) relates to a sex offense as defined by the Guidelines. But that raises another problem, because at least according to the presentence investigation report, the defendant has not been convicted of a sex offense as defined by the Guidelines; the Guidelines specifically refer to sex offenses "under 18 U.S.C. § 1591 or chapters 109A, 109B, 110, or 117 of title 18." U.S.S.G. § 2J1.2(b)(1)(A)(ii). Therefore, the Court's tentative finding is that this four-level enhancement does not apply to the defendant.[1]

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon

---

[1] The Court does not comment on whether, given this reasoning, an 8-year statutory maximum is properly applied to this defendant under 18 U.S.C. § 1001(a).

opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 11th day of August, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge